**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, JAMES S. ) <br> JORGENSEN, Administrator of the Funds, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HALTZ CONSTRUCTION, INC., and ) <br> MICHAEL M. SELVAGGIO, ) <br> ) <br> Defendants. ) | Case No. 13 C 7970 <br><br> Honorable James F. Holderman |

**PLAINTIFFS' MOTION FOR PROVE-UP OF DAMAGES**

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen, Administrator of the Funds (the "Funds"), by their attorneys, hereby move for judgment of damages in sum certain against Defendant, Haltz Construction, Inc., (the "Company"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. In support of this Motion, the Plaintiffs, by and through their attorneys, state the following:

1. On November 6, 2013, Plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331, and 28 U.S.C. §1367, alleging that at all material times the Company has an

1

obligation, arising from a collective bargaining agreement to make contributions to Plaintiffs' Funds, to submit to an audit upon demand and to obtain and maintain a surety bond. (See Dk# 1, Complaint and attached Exhibit A, Collective Bargaining Agreement). In this Complaint, Plaintiffs specifically alleged that the Company failed to report and pay contributions from October 1, 2012 to the present, and had defaulted on its installment note covering the period from April 23, 2010 through December 31, 2010. Plaintiffs further alleged that Defendant Michael M. Selvaggio ("Selvaggio"), the Company's president, also has an obligation, arising from his signed Personal Guaranty of Payment and Indemnification (the "Guaranty"), individually guaranteeing the Company's obligations under the Installment Note Agreement (the "Note"), including the obligation to timely pay monthly contributions and Note payments, during the term of the Note (See Dk#1 attachments: Exhibit B, an audit covering January 1, 2011 through February 28, 2013; Exhibit C, the Note; Exhibit D, the Guaranty). Plaintiffs requested relief included producing books and records for an audit upon Plaintiffs' request.

2. On November 22, 2013, the Company was served by special process server, Philip M. Ducar personally handing the summons and complaint to Michael Selvaggio, Jr. at the Company's business address of 1213 W. Capitol Dr., Unit 6, Addison, Illinois, (See attached hereto, Exhibit A, Ducar Affidavit). After multiple attempts to serve Selvaggio were unsuccessful, Plaintiffs' issued a notice of voluntary dismissal without prejudice to reinstate him as an individual defendant at a later time (See Dk# 23).

3. On May 1, 2014, the Court granted Plaintiffs' motion for default and to compel the Company's books and records for an audit. Plaintiffs were unable to serve the Court's order to review the Company's books and records to date. However, the undersigned counsel was able to

contact Selvaggio by cellular phone, on June 10, 2014. Selvaggio confirmed that he was aware that amounts were owed to the Plaintiffs, and that this lawsuit had been filed. Selvaggio stated that his Company had to cease operating, "because nobody would pay them" for the work already performed. When asked where to send the Court's order, Selvaggio said he would "hear about it" if it was sent to the Company's business address. When asked regarding his whereabouts, Selvaggio would not provide his current address.

4. In lieu of reviewing the Company's books and records, Plaintiffs' obtained the Company's certified payrolls in regard to projects for which the Company was subcontracted to perform work for McShane Construction. The payroll audit was conducted by the Fund's selected auditors from the firm of Calibre, CPA Group, covering the period of June 1, 2012 through August 1, 2013. (See attached hereto, Exhibit B, the Audit).

5. As established by the Funds' Field Department Director, Jean Mashos, the Funds' auditors reviewed the Company's certified payroll, reflecting that contributions were owed to the Funds for the period covering June 1, 2012 through August 1, 2013(See, Jean Mashos Affidavit, Exhibit C, ¶6-7; Audit Report, Exhibit B). The auditors' report reflects principal contributions owed to the Welfare, Pension, Training, LMCC, CCA, and LECET funds, and for Union dues in the total amount of $163,328.74. These findings are exclusive from the amounts owing from the prior audit of the Company's books and records, covering the period of January 1, 2011 through February 28, 2013, reflecting principal contributions owed to Welfare, Pension, Training, LMCC, CCA, and LECET funds, and for Union dues in the total amount of $1,185.65 and accumulated penalties owed in the amount of $612.68 (See Dk#1, Exhibit B, Audit; attached Exhibit B Audit).

6. According to the Collective Bargaining Agreement and the respective Trust

Agreements to which the Defendant is bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) for unpaid or late contributions to the Welfare, Pension, and Training funds, and 10% (ten percent) of the principal amount of delinquent contributions to the LMCC, CCA and LECET funds, and for Union dues. Additionally, interest is calculated at twelve percent and is owed for all delinquencies. As established by the affidavit of Ms. Mashos the liquidated damages owed to the Welfare, Pension and Training funds amount to $30,844.53 and the liquidated damages to the LMCC, CCA and LECET funds, and for Union dues in the amount of $910.61 (Mashos Affidavit, Exh. C, ¶8). Interest is due in the amount of $28,668.32 (Mashos Affidavit, Exh. C, ¶9). Also, according to the prior audit, liquidated damages were owed to Welfare, Pension and Training funds in the amount of $162.13 and for the LMCC, CCA and LECET funds and Union dues the amount of $37.51 was owed (Dk#1, Exh. B). These amounts are further detailed in the summary reports prepared by Ms. Mashos that are attached hereto as Exhibits D-1 and D-2.

7. The cost of the certified payroll audit billed to the Funds was $1,721.25, and for the prior audit was $954.82, which the Company is also obligated to pay, based on the respective Trust Agreements to which it is bound (See Exh. B, Audit; Exh. C, ¶11, Mashos Affidavit; Exhs. C-2 and C-3 Audit Invoices; Exhs. D-1 and D-2, Summary Reports).

8. Additionally, Plaintiffs are entitled to the remaining unpaid balance of $9,088.15 on the Company's Note, for its unpaid contributions pursuant to an audit covering the period of April 23, 2010 through December 31, 2010 (See Dk#1, Exh. C, Note). As established by the affidavit of Ms. Mashos, and the Note, the Funds are also due the amount of $1,640.00 incurred by the Funds for attorneys' fees and costs for collection efforts prior to the filing of the present action, and the

remaining Note balance is documented by an installment note payment worksheet that records the Defendants' Note payment history and is attached hereto as Exhibit C-1 (Mashos Affidavit, Exh.C,¶4-6 ).

9. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $8,849.00 and $648.00 in costs, consisting of service of process and filing fees (Sara Stewart Schumann Affidavit, Exhibit E; Fee Report, Exhibit E-1).

**WHEREFORE,** Plaintiffs request entry of judgment against the Defendant, Haltz Construction, Inc., requesting that the Court order judgment in the total amount of $248,651.39 to be entered. Further, Plaintiffs request the Court's order specify that, should the Defendant resume operations, the Company must report hours of covered employees on a monthly basis and pay current contributions as they become due as required under the collective bargaining agreement, and the Company must provide written proof that it has obtained a surety bond to plaintiffs' counsel, Sara S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606.

Respectfully submitted,

/s/ Sara S. Schumann
One of plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann
Ryan M. Thoma
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

October 3, 2014

5